# FRANCES MARIAN WAGAR v. HELEN PRINDEVILLE.

(130 N. W. 224.)

**Voters and Elections — Words and Phrases — Qualified Electors.**

1. Qualified electors, as defined by § 121 of the Constitution, are male persons only, possessing the other qualifications therein enumerated.

**Voters and Elections — Qualified Electors — Women.**

2. Women entitled to vote for school officers under the provisions of § 128 of the Constitution constitute a class separate from electors, as above defined, and only possess a limited elective franchise.

**Voters and Elections — Registration — Women Voters.**

3. The provisions of the registration law of this state contained in §§ 732 to 746, both inclusive, Rev. Codes 1905, do not require women to register or furnish an affidavit, as required of electors who are not registered, to entitle them to vote for school officers.

Opinion filed February 10, 1911.

Note.—Right of women to vote, see note in 21 L.R.A. 662; and note in 27 L.R.A. (N.S.) 522.

Appeal from District Court, Grand Forks county; *Templeton, J.*

Action by Frances Marian Wagar against Helen Prendeville. Judgment for defendant and plaintiff appeals.

Affirmed.

*B. G. Skulason,* for appellant.

None but registered voters can vote. Fitzmaurice v. Willis, 20 N. D. 372, 127 N. W. 95.

Legislature can regulate elections. People ex rel. Grinnell v. Hoffman, 116 Ill. 587, 56 Am. Rep. 793, 5 N. E. 596, 8 N. E. 788; Capen v. Foster, 12 Pick. 485, 23 Am. Dec. 632; Cooley, Const. Lim. 6th ed. 756; McCrary, Elections, §§ 92 et seq.; Pitkin v. McNair, 56 Barb. 75; State ex rel. Woodson v. Brassfield, 67 Mo. 331; 15 Cyc. Law & Proc. p. 302, and cases cited.

Legislature must provide for carrying out provisions of Constitution conferring suffrage upon women. Gilkey v. McKinley, 75 Wis. 542, 44 N. W. 762; People ex rel. Ahrens v. English, 139 Ill. 622, 15 L.R.A. 131, 29 N. E. 678; Cooley, Const. Lim. 6th ed. 98; State, Ransom, Prosecutor, v. Black, 54 N. J. L. 446, 16 L.R.A. 769, 24 Atl. 489, 1021; State ex rel. Ohlquist v. Swan, 1 N. D. 5, 44 N. W. 492; Roesler v. Taylor, 3 N. D. 546, 58 N. W. 342; Engstad v. Grand Forks County, 10 N. D. 54, 84 N. W. 577.

Registration laws must treat male and female alike, or it is discriminatory and unconstitutional. N. D. Const. § 11; Cooley, Const. Lim. supra; Lyman v. Martin, 2 Utah, 136; Morris v. Powell, 125 Ind. 281, 9 L.R.A. 326, 25 N. E. 221; Atty. Gen. ex rel. Conely v. Detroit, 78 Mich. 545, 7 L.R.A. 99, 18 Am. St. Rep. 458, 44 N. W. 388; Brewer v. McClelland, 144 Ind. 423, 17 L.R.A. 845, 32 N. E. 299.

*Guy C. H. Corliss,* for respondent.

Registration law relates exclusively to "qualified electors." Rev. Codes 1905, §§ 733, 738.

Every *male* voter shall be a qualified elector. Rev. Codes 1905, § 605.

Election laws are construed most favorably to the right of the voter. Montgomery v. Henry, 1 L.R.A.(N.S.) 656; State ex rel. Law v. Saxon, 30 Fla. 668, 18 L.R.A. 721, 32 Am. St. Rep. 46, 12 So. 218; Lynip v. Buckner, 22 Nev. 426, 30 L.R.A. 354, 41 Pac. 762; Owens v. State, 64 Tex. 500; 10 Am. & Eng. Enc. Law, 2d ed. p. 589.

Voter is not bound to investigate whether he is registered or not. State ex rel. Wood v. Baker, 38 Wis. 87.

Voters need only to find at the polls acting inspectors, with actual registers; they need look no farther. State ex rel. Wood v. Baker, supra; Farren v. Buffalo County, 5 Dak. 36, 37 N. W. 756; Dale v. Irwin, 78 Ill. 170; Clark v. Robinson, 88 Ill. 498; State ex rel. Quinn v. Lattimore, 120 N. C. 426, 58 Am. St. Rep. 797, 26 S. E. 638; Lane v. Bailey, 29 Mont. 548, 75 Pac. 191; Tullos v. Lane, 45 La. Ann. 333, 12 So. 508; Sumner v. McKee, 89 Ill. 127; Stinson v. Sweeney, 17 Nev. 309, 30 Pac. 997; State ex rel. De Berry v. Nicholson, 102 N. C. 465, 11 Am. St. Rep. 767, 9 S. E. 545; Wilson v. Bartlett, 7 Idaho, 271, 62 Pac. 416; White v. Multnomah County, 13 Or. 317, 57 Am. Rep. 20, 10 Pac. 484; Dells v. Kennedy, 49 Wis. 555, 35 Am. Rep. 786, 6 N. W. 246, 381; Choisser v. York, 211 Ill. 56, 71 N. E. 940; Payne, Elections, §§ 360, 361, 363; State ex rel. Quinn v. Lattimore, 120 N. C. 426, 58 Am. St. Rep. 797, 26 S. E. 640.

SPALDING, J. This is an appeal from the judgment of the district court of Grand Forks county, adjudging that the plaintiff was not elected to the office of county superintendent of schools of that county at the 1910 election, and that her contest against the defendant be dismissed upon the merits, and with prejudice. Plaintiff and defendant were candidates for election as county superintendent of schools of Grand Forks county at the general election of November, 1910. The canvassing board found that the plaintiff had received 3,044 votes and the defendant 3,118, and the county auditor issued a certificate of election to the defendant. In the city of Grand Forks there were cast at that election, by women, 399 votes for plaintiff and 589 votes for the defendant. None of such women voters were registered, and none of them made any affidavit of qualification as voters. A contest was brought by the plaintiff, based upon the claim that such women had no right to vote unless registered, without furnishing the affidavit required by § 738, Rev. Codes 1905, and it is claimed by appellant that none of the votes cast by women should be counted. If such votes were thrown out it would leave plaintiff a majority of 116 votes.

The trial court held in favor of the defendant, on the ground that the law does not require the registration of women voters, and the cor-

rectness of this conclusion is the only question which we need consider. The law regarding registration of voters is contained in §§ 732 to 746, both inclusive, Rev. Codes 1905. Section 732 provides that the election officers shall, on certain dates, "make a list, as hereinafter prescribed, of all persons qualified to vote at the ensuing election in such election precinct, which list, when completed, shall constitute and be known as the register of electors of such precinct." Section 733 provides that such registers shall each contain a list of qualified electors of such precinct, etc. Section 734 provides a method for preparing such list in new precincts, and that it shall only embrace the names of such persons as are known to them (the board of registry) to be electors in their precinct, or proved to be such, etc. Section 737 provides how any electors residing in a precinct and entitled to vote therein may have his name recorded in such list. Section 738 provides for the certifying of the list prepared by the board of registry as a correct list of the qualified electors of the precinct, so far as known, and what shall be done with it. From these provisions and from a consideration of the whole article relating to registration, it is clear to us that no registration is contemplated except of electors.

The registry law was enacted in 1881, when women were not eligible to school offices and were not entitled to vote on school questions, as they may do at the present time. If women are included within the definition of electors, they are required to register. Section 121 of the Constitution provides the first definition of that word, and defines qualified electors as male persons of the age of twenty-one years or upwards, belonging to either of certain classes; thereby excluding women from the electorate. Section 128 of the Constitution, which contains the provision relied upon by the appellant to bring women within the terms of the registration law, reads: "Any women having the qualifications enumerated in § 121 of this article as to age, residence, and citizenship, and including those now qualified by the laws of the territory, may vote for all school officers, and upon all questions pertaining solely to school matters, and be eligible to any school office." This does not make them electors, but places them in a separate class of citizens, and entitles them to vote on the questions specified only. They are thereby vested with a limited elective franchise, but are not electors within the terms of § 121, supra.

Section 799, Rev. Code 1905, also classifies persons entitled to vote for school officers into two classes, namely, all persons who are qualified under the general laws of the state, and all women twenty-one years of age and having the necessary qualifications as to citizenship and residence required of male voters by law, and make them qualified voters for school officers and eligible to the office of county superintendent of schools, school director, member of the board of education, or school treasurer. These provisions all seem to contemplate placing women who are entitled to vote in a class separate and apart from the men, and the registry law contains nothing in conflict with these provisions. The foregoing references clearly indicate that the registry law is only applicable to males.

Our conclusion is supported by other considerations. The main qualification for holding office in this state is that the person be a qualified elector. If this term is applicable to women, they are entitled to hold the office of state senator, member of the house of representatives, governor, lieutenant governor, judge of the supreme court, and various other offices. Constitution, §§ 28, 34, 73, 82, and 90. This court has recently defined the meaning of the term "qualified elector," as used in § 121 of the Constitution. See State ex rel. McCue v. Blaisdell, 18 N. D. 31, 35, 119 N. W. 360.

Finding no error, the judgment of the District Court is affirmed.

All concur, except MORGAN, Ch. J., not participating.